IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-453-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NAEEM ASKIA-DERRICK BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE 24). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge James E. Gates, entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion be denied. Defendant filed objections to the M&R and the government responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion to suppress is denied.

**STATEMENT OF THE CASE**

On November 15, 2018, defendant was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant filed the instant motion to suppress on March 11, 2019, asserting that all evidence seized during a traffic stop on March 22, 2018, was obtained in violation of the Fourth Amendment to the United States Constitution. The government filed a response in opposition, and the magistrate judge held an evidentiary hearing on the motion on April 16, 2019. At the hearing, the government introduced testimony of special agents Kelly Kearns ("Kearns") and William Aiken ("Aiken") with the North Carolina Alcohol Law

Enforcement branch of the State Bureau of Investigation. The court also admitted the following exhibits offered by defendant: 1) handwritten report by Aiken, 2) photographs of defendant's coat, and 3) aerial photos. The magistrate judge entered memorandum and recommendation on July 29, 2019. Defendant filed objections on October 22, 2019, and the government responded on November 3, 2019.

## STATEMENT OF FACTS

The court incorporates herein by reference the magistrate judge's findings of fact (see M&R (DE 35) at 2-12), where such findings are supported by the testimony and evidence received at evidentiary hearing. The court addresses in the analysis herein specific objections raised by defendant to factual findings in the M&R.

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "[S]earches conducted outside the judicial process . . . are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). "A law enforcement officer may initiate a brief investigatory stop if the officer has reasonable suspicion to believe that 'criminal activity may be afoot.'" United States v. Griffin, 589 F.3d 148, 152 (4th Cir. 2009) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). "In determining whether an officer had reasonable suspicion, we view the totality of the circumstances to determine whether the officer had 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" Id. (quoting United States v. Cortez, 449 U.S. 411, 417-418 (1981)). The reasonable suspicion standard is "less demanding than probable cause, and falls considerably short of satisfying a preponderance of the evidence standard." Id. (quotations omitted).

In this case, agents Kearns and Aiken acted on reasonable suspicion that defendant had completed an illegal drug transaction when they stopped his vehicle. The M&R cogently explains the basis for this reasonable suspicion:

> Kearns and Aiken witnessed defendant pull into the parking lot of the Pit Stop II, which they were both aware was in a high-crime area. They saw defendant park only a space or two from the SUV, which itself was parked away from the building on the premises and which appeared to be waiting for a prearranged meeting because neither occupant exited the SUV to patronize Pit Stop II. Defendant exited the Sonata [defendant's vehicle], immediately climbing into the backseat of the SUV without interacting with the individuals at the window before entering. Although Kearns and Aiken could not determine what exactly was exchanged, they both saw defendant and the individuals in the SUV move as if they were exchanging something. It was only after exiting the vehicle that defendant spoke to the individuals through the open driver's side window. Defendant then reentered the Sonata and both vehicles immediately left Pit Stop II. Additionally, the entire

> encounter lasted less than 45 seconds, which both Kerns and Aiken testified was a typical duration for a drug transaction based on their training and experience. The fact the encounter lasted less than 45 seconds is also significant because it raised the question of why defendant entered the SUV instead of simply interacting with its occupants at the window for such a short time. The brevity of the encounter thereby corroborates the testimony that defendant entered the SUV in order to conduct a transaction in secrecy.

(M&R (DE 35) at 14-15).

Defendant objects to factual findings and legal conclusions in the M&R. With respect to factual findings, defendant objects to the findings that 1) agents were able to see activity in the SUV, despite low visibility in the parking lot, 2) agents were able to tell when a brief interaction is "innocent" or not, and 3) getting into someone else's car for a brief moment instead of talking to them at the window is indicative of secrecy and furtiveness. Upon de novo review of the record, the court determines that the factual findings in the M&R are supported by substantial evidence.

First, the magistrate judge correctly described circumstances of the agents' observation of defendant's vehicle and the SUV he entered. It was dark outside at the time, but the parking lot was lit. (Tr. 74). Agents were parked a few spaces away from the SUV. (Tr. 8). While windows of both vehicles were tinted, agents could see movements of individuals in the SUV (Tr. 12-13, 40, 44, 73, 89-90). This testimony and evidence of aerial photographs support the magistrate judge's factual determination that "[a]lthough Kearns and Aiken could not determine what exactly was exchanged, they both saw defendant and the individuals in the SUV move as if they were exchanging something." (M&R at 15).

Second, testimony supports the magistrate judge's determination that Agent Kearns could, based upon past experience, distinguish "innocent" exchanges from "drug related" exchanges. (M&R at 7). Kearns testified "we conduct surveillance multiple times a week, for hours a week, and we'll see custody exchanges . . . or waiting to pay for labor costs" where "it becomes readily

4

apparent that it's not a drug transaction." (Tr. 15). He also testified "I witnessed many innocent exchanges between people occurring on ABC-licensed outlets for hours in a day." (Tr. 42).

Third, the magistrate judge correctly found that brevity corroborates the secrecy of the transaction in this instance. (M&R at 15). While defendant argues that other reasons could explain the brevity of the transaction, the brevity in this instance is considered in conjunction with multiple other factors that together reasonably rule out other innocent explanations. Other suggested explanations by defendant, such as that defendant may have been worried about the high crime nature of the area, while possible, do not rule out the plausible explanation supported by the totality of the circumstances. See Navarette v. California, 572 U.S. 393, 403 (2014) ("[R]easonable suspicion need not rule out the possibility of innocent conduct.") (quotations omitted).

With respect to legal objections, defendant argues that the magistrate judge erred in determining that United States v. Sprinkle, 106 F.3d 613 (4th Cir. 1997) is distinguishable. The court finds this objection unavailing, where Sprinkle is instructively distinguishable in two critical respects. Most critically, Sprinkle is distinguishable because, there, an officer "walked by the driver side of" the subject vehicle and "was able to see into the car: he saw [the suspects'] hands, he did not see anything pass between them, and they did not try to conceal any object." 106 F.3d at 616 & 618. "In other words, [the officer] could actually see that nothing of a criminal nature was happening in the car." Id. at 618. In this case, officers could not in this manner rule out a criminal transaction. (See, e.g., Tr. 73-74). In addition, in Sprinkle, the defendant entered the suspect vehicle and stayed in the vehicle, whereas, the defendant here entered and exited within 45 seconds. 106 F.3d at 618. While the circumstances in Sprinkle were a few steps short of reasonable suspicion, in the instant case the combination of circumstances amply support a reasonable suspicion of criminal activity.

5

Finally, defendant objects to the determination that "the mere location of a car may support reasonable suspicion to conduct a stop when law enforcement officers doubt the driver's intent to patronize a nearby business." (Obj. at 5). This objection, however, misses the mark because the magistrate judge's determination does not rely upon location of the vehicle alone to support a determination of reasonable suspicion. Rather, location of the vehicle is one factor among many that supports a determination of reasonable suspicion. Location of defendant's vehicle and the SUV in fact supports a determination of reasonable suspicion when considered together with all the circumstances, including: 1) defendant's entry into parking lot in vicinity of SUV awaiting at parking spots away from the Pit Stop II; 2) the time of day; 3) the high crime area; 4) the occupants of neither vehicle patronized the Pit Stop II; 5) defendant entered SUV without interacting first with occupants; 6) body movements inside SUV as observed by agents; 7) defendant did not stay in the SUV; 8) defendant reentered his vehicle and departed; 9) brevity of encounter; and 10) agents' experience from past surveillance.

In sum, reasonable suspicion supported the agents' stop of defendant's vehicle shortly thereafter. Therefore, defendant's motion to suppress must be denied.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which specific objections were raised, and considered review of the remainder thereof, the court DENIES defendant's motion to suppress. (DE 24). An order scheduling arraignment will follow.

SO ORDERED, this the 26th day of November, 2019.

LOUISE W. FLANAGAN
United States District Judge